**UNITED STATES of America, Appellee,**

v.

**Thomas L. AGNEW, Appellant.**

**No. 88–2063.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1989.

Decided June 19, 1989.

David D. Butler, Des Moines, Iowa, for appellant.

Linda R. Reade, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and WATERS,* District Judge.

JOHN R. GIBSON, Circuit Judge.

Thomas L. Agnew appeals from the district court's[1] judgment of criminal contempt for violation of a permanent injunction requiring that he not engage in business or commerce in any capacity for which bonding is required under the provisions of the Packers and Stockyards Act. He argues that the injunction is not sufficiently specific to be enforceable, as it requires reference to the Act, and that the government produced no evidence demonstrating willful violation of the injunction's terms. We affirm.

---

* The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

A default judgment was entered against Agnew in 1977, permanently enjoining and restraining him from "engaging in business and commerce in any capacity for which bonding is required under the provisions of the Packers and Stockyards Act (7 U.S.C. § 181 et seq.) and the regulations issued thereunder without filing and maintaining a reasonable bond or its equivalent, as required under the Act and regulations." The order further allowed him to apply for a vacation of the injunction at any time that he could show acquisition of the reasonable bond as required by the Act. On November 25, 1980, he was found guilty of criminal contempt for violating the injunction. On March 18, 1988 he was again charged with violating the injunction, by acting as a dealer between March 15, 1986, and April 17, 1986, without having acquired the proper bond.

Agnew was found guilty of criminal contempt and sentenced to five days incarceration and two years unsupervised probation, with the special condition that he not engage in any business or commerce for which bonding is required under the Packers and Stockyards Act without first obtaining the proper bond or bond equivalent.

■ On appeal, Agnew argues that his acts constituting the contempt must have clearly and specifically been prohibited by the terms of its injunction, and he must have been able to determine from his terms what he was or was not allowed to do. He points to Federal Rule of Civil Procedure 65(d), which states that every order granting an injunction shall set forth the reasons for its issuance, shall be specific in terms, and shall describe in reasonable detail and not by reference to the complaint or other document the act or acts sought to be restrained. He admits that he knew of the injunction, but he argues that the injunction in this case did not state in specific terms what actions it prohibited, instead simply directing him to the Packers and Stockyards Act to determine if he was operating within or without its boundaries. He claims that when he asked the government agency for assistance in interpreting the Act, he was simply told to go look at the Act itself, and that he therefore had no notice as to what conduct was enjoined.

■ We reject Agnew's arguments. The record demonstrates, and the district court found, that Agnew bought livestock for the Cornhusker Packing Company of Omaha, acting as a market agent, and was paid a commission. He was not covered by Cornhusker's bond, or any other bond, and did not have bond equivalent. The bonding requirement of the Packers and Stockyards Act is mandatory, and every dealer or market agent must be bonded. 7 U.S.C. § 204 (1982). That provision is specific and clear, as was the 1977 court order commanding Agnew to follow the Act. Even if a dealer or market agent is acting in the capacity of agent for a principal bonded in compliance with the Act, he is not relieved from liability. There was no dispute in the testimony that Agnew was not bonded and was acting as a dealer during the period in question. He was therefore acting in violation of 7 U.S.C. § 204, as well as the permanent injunction that had been entered in 1977. He admitted that he made no inquiry of the Packers and Stockyards Administration to determine if bonding would be required before engaging in buying and selling on commission. Thus, the evidence was sufficient to support the district court's finding that Agnew wilfully engaged in conduct that violated the injunction.

We affirm the judgment of the district court.